**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| Francillon Debreus, | ) | |
| | ) | |
| Petitioner, | ) | 4:03-cr-0474-CWH-11 |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

## I. Introduction

On March 30, 2009, the petitioner, Francillon Debreus, commenced this pro se action

under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.[1] The petitioner's prolix §

2255 petition consists of three documents: a motion, a memorandum in support of the motion,

and a declaration. (ECF Nos. 1243, 1243-1, 1242-2). On June 8, 2009, the respondent filed a

motion for summary judgment. (ECF No. 1309). Because the petitioner was proceeding pro se,

the Court issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975),

advising him of the summary judgment procedure and the possible consequences if he failed to

adequately respond. The petitioner filed a response to the respondent's motion and also filed a

motion for summary judgment. (ECF Nos. 1319, 1320). After an initial review of the case, the

Court requested that the respondent file a supplemental memorandum. After it did so, the

petitioner responded by filing a motion to amend his § 2255 petition and a supplemental

---

[1] This is the filing date under Houston v. Lack, 487 U.S. 266, 268 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

memorandum.  (ECF Nos. 1632, 1633, 1635).  This matter is now before the Court for disposition.

## II.  Procedural History

In April, 2003, thirty individuals, including the petitioner, were charged in an indictment with conspiracy to possess with intent to distribute 50 grams of crack cocaine and 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2000).  The petitioner was represented by attorney John Wesley Locklair, III.  Beginning on January 28, 2004, the petitioner, and one co-defendant, Livinson Brumaire, were tried together before a jury.  On February 5, 2004, the jury found the petitioner guilty of the charges.  On June 29, 2004, the Court sentenced the petitioner to a term of life in prison.

The petitioner appealed his conviction and sentence, and Mr. Locklair, his counsel on appeal, filed a brief in conformity with Anders v. California, 386 U.S. 738 (1967).  On August 3, 2005, the Fourth Circuit Court of Appeals remanded the case for re-sentencing in accordance with the principles set forth in United States v. Booker, 543 U.S. 220 (2005) and United States v. Hughes, 401 F.3d 540, 546-60 (4th Cir. 2005).  See United States v. Debreus, 140 F. App'x 495 (4th Cir. 2005) (per curiam) ("Debreus I").  At the re-sentencing hearing held on June 27, 2006, the Court again sentenced the petitioner to life in prison.  The petitioner appealed, and his sentence was affirmed.  See United States v. Debreus, 255 F. App'x 725 (4th Cir. 2007) (per curiam) ("Debreus II").  The petitioner filed a petition for rehearing and rehearing en banc, which was denied on January 23, 2008.  (ECF No. 1004).  His petition for a writ of certiorari to the United States Supreme Court was denied on May 27, 2008.  Debreus v. United States, 553 U.S. 1072 (2008).  This petition for habeas corpus relief followed.



### III. Standard of Review

#### A. The pro se petition

The Court is required to construe pro se complaints and petitions liberally. Such pro se complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (noting that allegations in prisoner complaints are held to less stringent standards than those prepared by lawyers); and Erickson v. Pardus, 551 U.S. 89, 94 (2007) (noting that pro se documents are to be liberally construed). However, the requirement of liberal construction does not mean that the Court may ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in the federal district court. See Weller v. Dept. of Social Services, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

#### B. The motion for summary judgment

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating the nonexistence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the party moving for summary judgment does not bear the ultimate burden of persuasion at trial, the burden for summary judgment may be discharged by "pointing out to the court that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

The nonmoving party must then "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. Evidence should be viewed in the light most favorable to the nonmoving party and all inferences drawn in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, a mere "scintilla" of evidence will not preclude summary judgment. Id. at 252.

## C. Ineffective Assistance of Counsel

### 1. Ineffective Assistance at Trial

Claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255. The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The right to counsel guaranteed by the Sixth Amendment includes the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984) (citing McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). In order to prevail on an ineffective assistance claim, the petitioner must satisfy the rigorous two-pronged test established in Strickland, and demonstrate by a preponderance of the evidence that (1) the attorney's performance was deficient, and (2) the attorney's deficient performance prejudiced the petitioner by undermining the reliability of the judgment against him. See Strickland, 466 U.S. at 687. In attempting to establish ineffective assistance of counsel, the defendant must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," as this Court will apply a "heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 689-91; United States v. Terry, 366 F.3d 312, 316-18 (4th Cir. 2004). The Supreme Court has cautioned that "[e]ven the best criminal defense attorneys would not



defend a particular client in the same way." Strickland, 466 U.S. at 689. The reasonableness of a counsel's actions often depend on "informed strategic choices made by the defendant and on information supplied by the defendant." Id. at 691. The question whether counsel's performance was deficient may be answered only by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. See Lockhart v. Fretwell, 506 U.S. 364, 371-72 (1993).

In addition to showing that counsel's performance was deficient, a defendant also must prove that he was prejudiced by counsel's performance. A habeas petitioner alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. To establish prejudice, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. To do so, he must "demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).

An analysis of an ineffective assistance of counsel claim initially may focus on the prejudice prong of the Strickland test, as "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697. Furthermore, a court applying the Strickland test may apply either prong first and need not analyze both prongs of the test if petitioner makes "an insufficient showing on one." Id.

## 2. Ineffective Assistance on Appeal

The right to effective assistance of counsel extends to require such assistance on direct appeal of a criminal conviction. See Evitts v. Lucey, 469 U.S. 387, 396 (1985). In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate (1) that his "counsel's representation fell below an objective standard of reasonableness" in light of the prevailing professional norms, Strickland, 466 U.S. at 688, and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. This Court accords appellate counsel the "presumption that he decided which issues were most likely to afford relief on appeal." Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc) (quoting Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993)). "'Winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986) (quoting Jones v. Barnes, 463 U.S. 745, 751 (1983)); see also Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989) (counsel's failure to raise a weak constitutional claim may constitute an acceptable strategic decision designed "to avoid diverting the appellate court's attention from what [counsel] felt were stronger claims"). Although it is possible to bring a successful ineffective assistance of appellate counsel claim based on failure to raise a particular issue on direct appeal, the Supreme Court has reiterated that it is "difficult to demonstrate that counsel was incompetent." Smith v. Robbins, 528 U.S. 259, 288 (2000) (holding that a habeas applicant must demonstrate that "counsel was objectively unreasonable" in failing to file a merits brief addressing a nonfrivolous issue and that there is "a reasonable probability that, but for his



counsel's unreasonable failure . . . , he would have prevailed on his appeal"). "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" Id. (quoting Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986)).

## IV. Section 2255

### A. Standard

A prisoner in federal custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. See 28 U.S.C. § 2255. To obtain relief under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. White v. United States, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam)). In ruling on a § 2255 motion, the Court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b).

### B. Whether a Hearing is Necessary

Section 2255 provides for an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255. A federal court in a habeas proceeding must hold an evidentiary hearing when the

#7
Cert.

petitioner alleges facts which, if true, would entitle him to relief. <u>Townsend v. Sain</u>, 372 U.S. 293, 312 (1963). When a colorable Sixth Amendment claim is presented, and where material facts are in dispute involving inconsistencies beyond the record, a hearing is necessary. <u>See Becton v. Barnett</u>, 920 F.2d 1190, 1192 (4th Cir. 1990). After studying the parties' positions as set out in their respective submissions, the Court has determined that an evidentiary hearing is not necessary. Accordingly, the Court denies those portions of the petitioner's motions (ECF Nos. 1324, 1434, 1512) that seek a hearing.

### C. Appointment of Counsel

The petitioner also has filed several motions seeking the appointment of counsel in this matter. In a § 2255 action, however, the rules do not require appointment of counsel unless the Court determines that an evidentiary hearing is necessary. After reviewing the filings associated with the petition, the Court has determined that an evidentiary hearing is not necessary in this case, and therefore it denies those portions of the petitioner's motions (ECF Nos. 1324, 1434, 1512) that seek the appointment of counsel.

## V. Discussion

### A. Timeliness

The petitioner filed his § 2255 petition on March 30, 2009. The petitioner's petition is timely, as the government concedes. (Gov. Resp. (ECF No. 1308) at 6).

### B. The Petitioner's Motions to Produce

The petitioner has filed three <u>pro se</u> motions pursuant to Rule 6(e) the Federal Rules of Criminal Procedure, seeking a transcript of the grand jury proceedings. (ECF Nos. 1290, 1321, 1512). The petitioner argues that he needs a transcript of the grand jury proceedings in order to

support the arguments that he made in his § 2255 petition. (See ECF No. 1290 at 1-2; ECF No. 1512 at 3-4). However, these motions all were filed <u>after</u> the petitioner filed his § 2255 petition, and therefore he cannot need the transcript in order to support the arguments he already has set forth in the petition. Furthermore, the Court notes that the docket reflects that, prior to filing his § 2255 petition, the petitioner had filed other motions seeking disclosure of the grand jury minutes, based on grounds different from those set forth in the pending motions, and those motions consistently had been denied by the Court. (See, e.g., Motion, ECF No. 612, and Order, ECF No. 634; Motion, ECF No. 843, and Oral Orders, ECF Nos. 849; 889 at 11). Indeed, the petitioner's diverse reasons for needing a copy of the grand jury transcript indicate that he has no "particularized need" at all. The Court denies those portions of the petitioner's motions (ECF Nos. 1290, 1321, 1512) that seek a transcript of the grand jury proceedings.

### C. Grounds for habeas corpus relief

The petitioner enumerates four separate grounds for habeas corpus relief: (1) ineffective assistance of trial counsel at the pretrial, trial, and sentencing stages; (2) ineffective assistance of appellate counsel; (3) prosecutorial misconduct; and (4) errors committed by the undersigned at trial and at sentencing. These grounds will be discussed in the order presented.

#### 1. Ground One: Ineffective assistance of trial counsel at the pretrial, trial, and sentencing stages.

The petitioner first alleges he was denied effective assistance of trial counsel at all critical stages of the case – pretrial, during trial, and at sentencing – in violation of the Fifth and Sixth Amendments, Article III, Section 2, Clause 3, statutory law, the Federal Rules of Criminal Procedure, and the Rules of Evidence. (ECF No. 1243 at 5; ECF No. 1243-1 at 1-2).



### a. Ineffective assistance at the pretrial stage

The petitioner lists five grounds in support of his claim that his attorney provided ineffective assistance of counsel at the pretrial stage, contending that his "[c]ounsel failed to conduct a timely and adequate pretrial factual and legal investigation – that would have enabled the filing of these [five] motions pretrial." (ECF No. 1243-1 at 5). Each of the petitioner's five grounds will be discussed separately.

> **1. "A dismissal of the indictment for violations of Rules 3, 4, 5, and 6 of the Federal Rules of Criminal Procedure."** (ECF No. 1243-1 at 5).

The petitioner first argues that his attorney, Mr. Locklair, was ineffective prior to trial because he failed to seek a dismissal of the indictment on the grounds that there was no complaint pursuant to Rule 3, or arrest and probable cause hearing pursuant to Rules 4 and 5 of Federal Rules of Criminal Procedure. (ECF No. 1243-1 at 7-10).[2]

With respect to the indictment, the grand jury returned a true bill. (ECF No. 1). The Supreme Court has held that "an indictment, fair upon its face," and returned by a "properly constituted grand jury, conclusively determines the existence of probable cause" and requires issuance of an arrest warrant without further inquiry. <u>Ex parte United States</u>, 287 U.S. 241, 250 (1932). Indeed, the indictment itself is evidence that there was probable cause to support it. <u>See, e.g.,</u> <u>United States v. Soriano-Jarquin</u>, 492 F.3d 495, 502 (4th Cir. 2007) (noting that probable cause may be satisfied by a grand jury indictment).

---

[2] The petitioner does not specifically argue the basis for his claim that the indictment violated Rule 6. Therefore, the petitioner has failed to show he is entitled to relief on this issue. <u>See</u> <u>Miller v. United States</u>, 261 F.2d 546, 547 (4th Cir. 1958 ) (per curiam) (To prevail under § 2255, the movant must show by a preponderance of the evidence that he is entitled to relief.).



To the extent that the petitioner is challenging the validity of the indictment by way of a claim of ineffective assistance of counsel, it appears to the Court that the petitioner is essentially attacking the validity of the indictment rather than his counsel's performance. The petitioner's direct attack on the validity of the indictment itself should have been raised in his direct appeal. See, e.g., United States v. Harris, 183 F.2d 313, 315 (4th Cir. 1999) (noting that failure to raise claim on direct appeal generally leads to procedural bar). The procedural bar can be overcome if the petitioner demonstrates cause for failing to make the argument and prejudice therefrom. United States v. Frady, 456 U.S. 152, 167 (1982). However, the petitioner has failed to do this. Thus, he is procedurally barred from challenging the validity of the indictment.

Next, the petitioner contends that the trial testimony of Ralph Willard demonstrates that there was no probable cause to indict him, and that evidence was "manufactured" after the indictment. The petitioner claims that Mr. Willard's testimony at trial suggests that Mr. Locklair should have filed a motion before trial, pursuant to Rules 12(b)(1) and (2) of the Federal Rules of Criminal Procedure, to obtain the grand jury record and file a motion to dismiss the indictment. (ECF No. 1243-1 at 8-9). To the extent that the petitioner's claim raises the general issue as to whether there was evidence sufficient to convict him, the Court notes that the petitioner had raised an argument regarding the sufficiency of the evidence in Debreus I. The Fourth Circuit reviewed the entire record and found that the evidence was "overwhelming that Debreus was a significant operative in the conspiracy that spanned several years." Id., 140 F. App'x at 496. The Fourth Circuit had no difficulty concluding that the evidence was sufficient to support the conviction. Id. Absent a change in the law, a prisoner cannot relitigate in collateral proceedings an issue rejected on direct appeal. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.



1976) (per curiam). There has been no change in the law applicable to this issue since the Fourth

Circuit rendered its opinion in August 2005. This issue is without merit.

In addition, the petitioner argues that his counsel was ineffective because he failed to

make the requisite showing of need in order to obtain the records of the grand jury. (ECF No.

1243-1 at 8). The docket reflects that Mr. Locklair filed a motion seeking the disclosure of the

grand jury proceedings prior to trial. (ECF No. 612). The motion was denied by the Court

during a pretrial conference. (ECF No. 634). Trial counsel's performance cannot be considered

deficient merely because the Court did not grant his motion. Since the petitioner has failed to

make a showing that his counsel's performance was deficient, he fails on the first prong of his

ineffective assistance claim. This failure alone precludes relief on this issue. Strickland, 466

U.S. at 700.

> **2. "A dismissal of the indictment under the Sixth Amendment due to the jury pool discriminating against African American [sic] as to being produced for service."** (ECF No. 1243-1 at 5).

The petitioner, who is Haitian, challenges the jury venire, alleging that African

Americans were not represented in proportion to their numbers in the community; that African

Americans were systematically excluded from the petit jury; and that trial counsel knew these

facts, and was "inept" for not raising an objection at the time the jury was selected. (ECF No.

1243-1 at 12).

The record reflects that the petitioner challenged the jury venire in his first appeal, but the

Fourth Circuit's review of the record revealed no support for his claim. Debreus I, 140 F. App'x

at 496. As mentioned above, absent a change in the law, a prisoner cannot relitigate in collateral

proceedings an issue rejected on direct appeal. <u>Boeckenhaupt</u>, 537 F.2d at 1183. This issue is without merit.

> **3. "A motion to suppress the testimony of any and all fact paid witnesses to be offered by the Government in violation of Article III, Section 2, Clause 3, and statutory law."** (ECF No. 1243-1 at 5).

The petitioner argues, as a continuing theme throughout his petition, that the government's fact witnesses were "paid." (ECF No. 1243-1, <u>passim</u>). The petitioner, however, does not specify whether he believes that the government "paid" these witnesses with money, or by offering leniency in exchange for their testimony. Nonetheless, according to the petitioner, these "fact paid" witnesses manufactured evidence against him after he was indicted. The petitioner contends that at the pretrial stage, Mr. Locklair was ineffective because he failed to file a motion to suppress the testimony of the "fact paid witnesses" on the grounds that the testimony of these "fact paid witnesses" violated 18 U.S.C. §§ 201(c)(2) and (3). (<u>See</u> <u>generally</u>, ECF No. 1243-1 at 11-18). In addition, the petitioner contends that Mr. Locklair was ineffective when he failed to object to the Assistant United States Attorney's closing argument, which referred to these witnesses. (ECF No. 1243-1 at 12).

The petitioner's contention that the government violated 18 U.S.C. §§ 201(c)(2) and (3) by promising leniency or favorable treatment to witnesses in exchange for their testimony is without merit. The Fourth Circuit has explicitly held that the government does not violate the anti-bribery statute "by granting immunity or leniency or entering into plea agreements to obtain testimony." <u>United States v. Richardson</u>, 195 F.3d 192, 197 (4th Cir. 1999).[3] It follows, then,

---

[3] In so holding, the Fourth Circuit joined the unanimous conclusion of other Courts of Appeal that had ruled that the government does not violate § 201(c)(2) by granting immunity or



that Mr. Locklair was not deficient for failing to file a motion to suppress this testimony, or for failing to object to the prosecutor's references to these witnesses during closing argument. Because the petitioner has failed to make a showing that his attorney's performance was deficient, he has failed on the first prong of his ineffective assistance claim. This failure precludes relief. <u>Strickland</u>, 466 U.S. at 700.

> **4. "A motion to require the Government to separate its fact witness [sic] in order to not permit the fabrication of testimony before the jury."** (ECF No. 1243-1 at 5).

Although the petitioner contends that Mr. Locklair failed to make a motion to require the Government to separate its fact witnesses (ECF No. 1243-1 at 5), he does not argue this point in his brief. (<u>Cf.</u> ECF No. 1243-1 at 5 <u>with</u> ECF No. 1243-1 at 12). Therefore, the petitioner has failed to show he is entitled to relief on this issue. <u>See</u> <u>Miller v. United States</u>, 261 F.2d at 547 (To prevail under § 2255, the movant must show by a preponderance of the evidence that he is entitled to relief.).

The petitioner also contends that his attorney should have objected to the government's statement, during its closing argument, that the 32 witnesses, their attorneys, the DEA and the AUSA "had been allowed by policy to go over their trial testimony as a team[.]" (ECF No. 1243-1 at 11). In response, the government contends, pursuant to its policy of "open discovery,"

---

leniency or by entering into plea agreements to obtain testimony. <u>See</u> <u>United States v. Lara</u>, 181 F.3d 183, 1 97-98 (1st Cir. 1999); <u>United States v. Stephenson</u>, 183 F.3d 110, 118 (2nd Cir. 1999); <u>United States v. Haese</u>, 162 F.3d 359, 366-68 (5th Cir. 1998); <u>United States v. Ware</u>, 161 F.3d 414, 418-25 (6th Cir. 1998); <u>United States v. Condon</u>, 170 F.3d 687, 689 (7th Cir. 1999); <u>United States v. Johnson</u>, 169 F.3d 1092, 1097-98 (8th Cir. 1999); <u>see also</u> <u>United States v. Flores</u>, 172 F.3d 695, 699-700 (9th Cir. 1999); <u>United States v. Singleton</u>, 165 F.3d 1297, 1299-1302 (10th Cir. 1999) (en banc); <u>United States v. Lowery</u>, 166 F.3d 1119, 1123-24 (11th Cir. 1999); <u>United States v. Ramsey</u>, 165 F.3d 980, 986-91 (D.C. Cir. 1999).



that all of the defendants had access to all of the statements in the government's possession. (ECF No. 1632 at 2). The Court does not find that counsel's failure to object constitutes ineffective assistance of counsel.

The petitioner further alleges that the witnesses colluded with each other, but offers no evidence to support this notion. Assuming, for the sake of discussion, that one or more of the witnesses <u>had</u> colluded with another, and changed his or her testimony at trial to conform to that of another witness, Mr. Locklair could have impeached the witness based on the prior statements. <u>See, e.g.</u>, <u>United States v. McIntosh</u>, 43 F. App'x 537, 539 (4th Cir. 2002) (per curiam). As there is no evidence whatsoever of witness collusion, the petitioner's ground for habeas relief is without merit. <u>See, e.g.</u>, <u>Warren v. United States</u>, 2010 WL 2572856, at *2 (W.D.N.C. 2010) (finding that mere speculation is insufficient to support a habeas claim). Because the petitioner has failed to make a showing that his attorney's performance was deficient, he has failed on the first prong of his ineffective assistance claim. This failure precludes relief. <u>Strickland</u>, 466 U.S. at 700.

### 5. "A motion to strike [the] reference to Crack cocaine in the indictment since it is not a listed controlled substance under Title 21, United States Code." (ECF No. 1243-1 at 5).

Next, the petitioner claims that crack cocaine is not a controlled substance pursuant to 21 U.S.C. § 841(a)(1), and that Mr. Locklair was ineffective because he failed to move to strike the reference to crack cocaine in the indictment. (ECF No. 1243-1 at 12-13).

The petitioner's contention is wholly without merit. In pertinent part, § 841(a)(1) makes it "unlawful for any person [to] knowingly or intentionally . . . distribute, . . . or possess with intent to . . . distribute, . . . . a controlled substance." A "controlled substance" is defined as "a

drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter." 21 U.S.C. § 802(6). Schedule II lists "[c]oca leaves . . . cocaine, its salts, optical and geometric isomers, and salts of isomers; . . . or any compound, mixture, or preparation, which contains any quantity of any of the substances referred to in this paragraph." Although "cocaine base" is not specifically listed in Schedule II, numerous courts have held that it is a compound or mixture which contains cocaine and, therefore, it falls under Schedule II. See, e.g., United States v. Jernigan, 93 F. App'x 775, 776-77 (6th Cir. 2004); United States v. Moses, 15 F. App'x 146, 148 (4th Cir. 2001); United States v. Manzuetta, 167 F.3d 92, 93-94 (1st Cir. 1999); United States v. Sloan, 97 F.3d 1378, 1381-82 (11th Cir. 1996); United States v. White, 2006 WL 1360165, at *14 (D. Kan. May 17, 2006), aff'd, 584 F.3d 935 (10th Cir. 2009); United States v. Cook, 130 F. Supp. 2d 43, 47 (D.D.C. 2000), aff'd, 22 F. App'x 3 (D.C. Cir. 2001)). Mr. Locklair was not deficient for failing to challenge the indictment as defective. Since the petitioner has failed to make a showing that his counsel's performance was deficient in this regard, he fails on the first prong of his ineffective assistance claim. This failure alone precludes relief on this issue. Strickland, 466 U.S. at 700.

### b. Ineffective assistance at trial

Next, the petitioner alleges six grounds of ineffective assistance at trial. (ECF No. 1243-1 at 5-6).

> **1. "Counsel failed to explain in an opening statement to the jury that the defense would be not only that defendant was not guilty – the proposed prosecution witnesses could not plead guilty for a deal to testify contrary to Article III, Section 2, Clause 3, of [the] Constitution, and commit a crime pursuant to 18 U.S.C., Section 201(c)(2)and (3)."** (ECF No. 1243-1 at 5-6).

As discussed above, it is well-settled that in a criminal prosecution, the government does not violate 18 U.S.C. §§ 201(c)(2) and (3) by promising leniency or favorable treatment to witnesses in exchange for their truthful testimony. The petitioner's first issue is entirely without merit.

> **2. "Counsel refused to interview and produce a defense witness who would have testified that [1] petitioner was not a part of the charged conspiracy, [2] the Government – Agent and AUSA – was at the jail facility offering deals to individuals in exchange for their testimony against petitioner, in order to secure time reductions or no charges."** (ECF No. 1243-1 at 6).

The petitioner next argues that Mr. Locklair was ineffective because he refused to present an indicted, alleged co-conspirator, Reynold Gelin, as a defense witness. According to the petitioner, Mr. Gelin would have testified that the petitioner was not part of any conspiracy of which he was aware, and that the DEA, the AUSA, and Mr. Gelin's trial counsel had urged him to lie and state that the petitioner was involved in the conspiracy. (ECF No. 1243-1 at 19). The petitioner states in a conclusory fashion that "Counsel refused to entertain this matter." (Id.).

In response, Mr. Locklair has averred that he investigated every possible defense in the case, but the only defense the petitioner offered was that "every single person was a liar and that there was a conspiracy and/or misconduct at play." (See Locklair Affidavit, ECF No. 1287 at ¶ 6). Furthermore, contrary to the petitioner's claim, Mr. Locklair did, in fact, communicate with Mr. Gelin's attorney to ask whether Mr. Gelin would testify. Mr. Gelin's attorney told Mr. Locklair that Mr. Gelin "would not testify because he was not going to change his statement and risk losing his downward departure." (See Locklair Affidavit, ECF No. 1287 at ¶ 7). Mr.

Locklair did not refuse to interview Mr. Gelin and produce him as a defense witness – Mr. Gelin refused to testify for the petitioner. The petitioner's contention is incorrect.

The petitioner also argues, in this section of his memorandum, that Mr. Locklair provided ineffective assistance of counsel when he elected not to cross-examine DEA Case Agent Barry Wilson. (ECF No. 1243-1 at 20-21). However, the petitioner does not explain the evidence that he believes Mr. Locklair would have elicited during the cross-examination of Agent Wilson or the reason such evidence would have been significant to the defense of his case. Since the petitioner fails to make a showing that Mr. Locklair's performance was deficient, he fails on the first prong of his ineffective assistance claim. This failure precludes relief under <u>Strickland</u>.

### 3. "Counsel failed to timely and properly invoke the law of Rule 801(d)(2)(E), Fed. R. Evid." (ECF No. 1243-1 at 6).

The petitioner claims that the "total evidence of guilt in this case came solely from the combination of the testimony of the 32 fact-paid witnesses." (ECF No. 1243-1 at 17). The petitioner concedes that the testimonial evidence was admissible under Fed. R. Evid. 801(d)(2)(E),[4] but argues that "it must be accompanied by independent evidence as well." (ECF No. 1243-1 at 17). The petitioner contends that there is "no real other evidence that is independant" [sic] and that Mr. Locklair erred when he "did not motion the trial court to make any finding, or to dismiss the hearsay coconpirator [sic] testimony that was then inadmissible as a

---

[4] Rule 801(d)(2)(E) provides:
**Statements that Are Not Hearsay.** A statement that meets the following conditions is not hearsay:
> (2) **An Opposing Party's Statement.** The statement is offered against an opposing party and:
>> (E) was made by the party's coconspirator during and in furtherance of the conspiracy.



matter of law. In short, the evidence was legally insufficient and the failure by counsel deprived petitioner of complete [sic] defense." (ECF No. 1243-1 at 18).

The petitioner misapprehends the meaning of Rule 801(d)(2)(E). That Rule provides that "a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy" is not hearsay. The petitioner's co-conspirators testified directly, at trial, to their involvement, and the petitioner's involvement, in the conspiracy. Rule 801(d)(2)(E) does not apply to the co-conspirators' testimony <u>at trial</u>. <u>See, e.g.</u>, <u>McCullers v. United States</u>, 2012 WL 1942068, at *8 (E.D. Va. May 29, 2012).[5]

There was nothing deficient with respect to counsel's performance in this regard. Thus, the petitioner again fails to show the first prong of his ineffective assistance claim. This failure precludes relief on this issue. <u>Strickland</u>, 466 U.S. at 700.

### 4. "Counsel failed to timely and properly argue a needed Rule 29 motion for acquittal." (ECF No. 1243-1 at 6).

The petitioner's contention directly contradicts the record in this case. The Court's case docket plainly shows that Mr. Locklair argued a motion for acquittal after the government rested its case. (<u>See</u> un-numbered docket entry dated Feb. 5, 2004). The petitioner has not set forth any grounds to support the notion that Mr. Locklair's motion was untimely.

The petitioner also argues that Mr. Locklair's motion for acquittal should have included the arguments addressing Rule 801(d)(2)(E) and whether crack cocaine was a controlled substance under Title 18. (<u>See</u> ECF No. 1243-1 at 23). Both of these issues have been addressed

---

[5] The petitioner's reliance on <u>Bourjaily v. United States</u>, 483 U.S. 171 (1987), is misplaced, because <u>Bourjaily</u> addressed whether <u>out of court</u> statements by a co-conspirator had been properly admitted against the defendant. In the present case, the petitioner's co-conspirators testified against him <u>in court</u>.



above, and, as the Court already has held, the petitioner's arguments regarding those issues are without merit.

> ### 5. "Counsel failed to prepare petitioner to testify, and lied to petitioner about the witnesses who were paid for their testimony." (ECF No. 1243-1 at 6).

The petitioner contends that his attorney failed to prepare him to testify at trial, although the petitioner concedes in his memorandum that he informed the Court that he was not going to testify. (ECF No. 1243-1 at 22; ECF No. 1319 at 11-14). In the present case, prior to trial, the Court examined the petitioner to make sure that he and Mr. Locklair had discussed all of the benefits and detriments of testifying or not testifying, and that the petitioner had freely and voluntarily made the decision not to testify. After this colloquy, the Court was satisfied that the petitioner had made an informed decision not to testify. The petitioner's decision not to testify is not a basis for a claim of ineffective assistance of counsel. "Simply put, it cannot be ineffective assistance for a lawyer to fail to prepare his client to testify, if the client has decided not to testify." Hale v. United States, 2010 WL 2921634, at *32 (N.D. Ill. July 22, 2010).

The petitioner now contends that he was deprived of his constitutional right to testify before the jury because his attorney "lied" to him by telling him that the Court would grant his Rule 29 motion, and/or the court of appeals would reverse the conviction because of the "roll-over witness testimony." (ECF No. 1243-1 at 22). In response, Mr. Locklair has stated by affidavit that the "Defendant's decision not to testify was his own, after the advice of counsel. . . . Counsel advised Defendant not to testify because of his extensive record and other impeachable items, but told him that [it] was his decision to make, not mine." (See Locklair Affidavit, ECF No. 1287 at ¶ 8). Mr. Locklair's affidavit indicates that, as a matter of strategy,



he advised his client not to testify. It is well-settled that the advice provided by a criminal

defense lawyer as to whether his client should testify is "a paradigm of the type of tactical

decision that cannot be challenged as evidence of ineffective assistance." <u>Carter v. Lee</u>, 283 F.3d

240, 249 (4th Cir. 2002) (quoting <u>Hutchins v. Garrison</u>, 724 F.2d 1425, 1436 (4th Cir. 1983)).

Furthermore, the Court finds that Mr. Locklair's advice was reasonable "under prevailing

professional norms," and in light of the circumstances. <u>Strickland</u>, 466 U.S. at 697, 688.

Counsel's performance was not deficient with respect to this issue. Thus, the petitioner again

fails to show the first prong of his ineffective assistance claim. This failure precludes relief on

this issue. <u>Strickland</u>, 466 U.S. at 700.

### 6. "Counsel failed to timely and properly object to unconstitutional jury instructions." (ECF No. 1243-1 at 6).

The petitioner first argues that Mr. Locklair was ineffective because he failed to object to

a jury instruction regarding the credibility of the co-conspirators' testimony. It appears that this

issue is a variation on his theme that the jury was required to hear "independent evidence," in

addition to the testimony from the petitioner's co-conspirators, before it could find him guilty.

(ECF No. 1243-1 at 24-25; ECF No. 1319 at 12-14). The petitioner's argument regarding Rule

801(d)(2)(E) has already been discussed and found to be without merit in this order.

Next, the petitioner contends that Mr. Locklair was ineffective when he failed to object to

jury instructions concerning 21 U.S.C. §§ 841(a)(1) and 846. The petitioner argues that these

instructions did not inform the jury that it must find that "the drug was a controlled substance

under the law." (ECF No. 1243-1 at 25). As has already been discussed in this order, it is

without dispute that crack cocaine is a controlled substance.



### c. Ineffective assistance of counsel at sentencing

Next, the petitioner claims that Mr. Locklair was ineffective at sentencing because "Counsel failed to advocate proper sentencing and re-sentencing law." (ECF No. 1243-1 at 7, 26-27). As discussed below, there is no merit to this claim of ineffective assistance of counsel.

When the petitioner first was sentenced on June 21, 2004, the sentencing guidelines were mandatory. According to the Presentence Report, the petitioner had a base offense level of 32, with a corresponding guideline range of 151 to 188 months' imprisonment due to his criminal history category. At sentencing, the Court adjusted the petitioner's offense level upward to 44 due to the amount of crack cocaine he possessed, his possession of a firearm, his leadership or managerial role in the conspiracy, and for his obstruction of justice, and sentenced the petitioner to life in prison. On appeal, the Fourth Circuit noted that the Court had followed the law and procedure in effect at the time of sentencing. Debreus I, 140 F. App'x at 497 n.1. Nevertheless, the Fourth Circuit vacated the petitioner's sentence and remanded for re-sentencing in light of Booker. Id., 140 F. App'x at 497.

It appears that the petitioner is alleging that Mr. Locklair was ineffective at sentencing because he did not raise objections to the enhancements based on United States v. Booker, 543 U.S. 220 (2005) and Blakely v. Washington, 542 U.S. 296 (2004). (ECF No. 1243-1 at 27). In fact, it would have been impossible for Mr. Locklair to have based his objections on Booker and Blakely at the time of the first sentencing on June, 24, 2004, because neither of those opinions had been issued.[6] Although Mr. Locklair did challenge the sentencing enhancements on appeal

---

[6] Blakely was handed down on June 24, 2004, three days after the petitioner initially was sentenced. Booker was issued six months later, on January 12, 2005.



from the 2004 sentence, the Fourth Circuit declined to review the petitioner's challenge to the sentencing enhancements because it elected to vacate the sentence and remand the case for re-sentencing.[7]

At re-sentencing on June 27, 2006, the Court acknowledged the holdings of Booker and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), determined the appropriate sentencing range under the guidelines, and then considered the sentencing range along with the other factors described in 18 U.S.C. § 3553(a). (See Transcript, ECF No. 889, 15:11 – 16:14; 21:11 – 22:13). Mr. Locklair argued that there were several reasons for the Court to depart downward from the guidelines. (See Transcript, ECF No. 889, 16:25 – 18:11). The Court declined to do so, and again sentenced the petitioner to life in prison. (See Transcript, ECF No. 889, 22:14-18). In Debreus II, the Fourth Circuit affirmed the Court's sentence because it was within the statutorily prescribed range and was reasonable. Id., 255 F. App'x at 726-27. The petitioner has failed to show that his counsel's performance was deficient at sentencing or re-sentencing, and therefore he fails on the first prong of his ineffective assistance claim. This failure precludes relief under Strickland. 466 U.S. at 700.

### 2. Ground Two: "The petitioner was denied effective assistance of appellate counsel under the Sixth Amendment" (ECF No. 1243-1 at 27).

As his second ground for habeas corpus relief, the petitioner contends that Mr. Locklair was ineffective in his arguments before the Fourth Circuit because he failed to raise seven discrete arguments on appeal:

---

[7] In a footnote, the panel explained: "Given that we are vacating the sentence and remanding for resentencing, we will not review at this juncture Debreus' challenge to the sentencing enhancements. If there is an appeal after re-sentencing, it may be appropriate to review the enhancements at that point in the process." Debreus I, 140 F. App'x at 497, n.3.



(1) The Evidence under the law was legally insufficient;

(2) The law of Rule 801(d)(2)(E), Fed. R. Evidence was not appealed;

(3) The law violations of 18 U.S.C., Section 201(c)(2) and (3) was [sic] not appealed;

(4) The constitutional mandates of Article III, Section 2, Clause 3 were ignored and not appealed;

(5) The jury had a fraud worked upon them by officers of the court under Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238 (1944);

(6) Counsel failed to appeal the fact that crack cocaine is not a listed controlled substance under Title 21, United States Code;

(7) Reasonably argue Booker [sic] relative to the Sixth Amendment, and the statutory amount of drug under USSG, Section 2D1.1; and failed to present the constitutional issues of enhancement under **Apprendi, supra**.

(ECF No. 1243-1 at 28).

The petitioner does not present any argument whatsoever in support of his notion that Mr. Locklair provided ineffective assistance at the appellate level with respect to these seven issues. (See 1243-1 at 28). Therefore, the petitioner has failed to show he is entitled to relief on these issues. See Miller v. United States, 261 F.2d at 547 (To prevail under § 2255, the movant must show by a preponderance of the evidence that he is entitled to relief.).

> **3. Ground Three: "Petitioner was denied a fair trial due to intentional misconduct by the United States Attorney, in violation of the Fifth Amendment."** (ECF No. 1243-1 at 29).

Many of the petitioner's allegations of prosecutorial misconduct are simply reiterations of the issues that have already been discussed by the Court and have been found to be without merit, *viz.*, whether the indictment violated Rules 3, 4, 5, and 6 of the Federal Rules of Criminal Procedure, whether crack cocaine is controlled substance, whether 18 U.S.C. § 201(c)(2) and (3)

were violated, and whether Federal Rule of Evidence 801(d)(2)(E) requires independent evidentiary support. (ECF No. 1243-1 at 29-33). All of these issues have been addressed in this order and have been found to be without merit. It follows, then, that there can be no prosecutorial misconduct with regard to these issues.

The petitioner further argues that the prosecutor's closing argument to the jury was improper because he argued that it was up to the jury to determine the credibility of the 32 witnesses and choose whether or not to believe that the petitioner participated in the conspiracy. (ECF No. 1243-1 at 32). The petitioner relies on Berger v. United States, 295 U.S. 78 (1935) to support his claim of prosecutorial overreaching, but the facts of Berger are in no way similar to the facts of the case at bar. Moreover, the prosecutor's closing argument was part of the record reviewed by the Fourth Circuit pursuant to Anders, and the Court found no error. Debreus I, 140 F. App'x 495. The petitioner's contentions as to prosecutorial misconduct are completely without merit.

>**4. Ground Four: "Petitioner was deprived of a fair trial and sentencing by trial judge who failed to apply correct law in violation of the Fifth and Sixth Amendments."** (ECF No. 1243-1 at 33).

The petitioner first contends that the errors he has alleged throughout his petition (regarding the indictment, Rule 801(d)(2)(E), and 18 U.S.C. §§ 201(c)(2) and (3)) are all attributable to the Court. For the reasons that have been discussed at length above, this argument is patently frivolous.

The petitioner also challenges his sentence of life in prison, and argues that he should have been sentenced within the range of 121 to 151 months. The petitioner already has

challenged this issue on direct appeal, and the Fourth Circuit affirmed the petitioner's sentence. <u>Debreus II</u>, 255 F. App'x at 726-27. The petitioner's sentence was proper.

## VI. The Petitioner's Motion to Amend his § 2255 Petition

On May 29, 2012, the petitioner filed a Motion to Amend his § 2255 petition (ECF No. 1633), asserting that this Court should review his claims for relief under the plain error rule, and that "the Judge, Prosecutor, and his trial Counsel permitted evidence or the lack of to be presented in the case at bar." (ECF No. 1633 at 2).

Section 2255 provides a one-year statute of limitations which applies to the filing of Section 2255 petitions, commencing on the date that the judgment of conviction becomes final. <u>See</u> Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255(1). The petitioner's petition for a writ of certiorari was denied by the United States Supreme Court on May 27, 2008. Therefore, the petitioner had until May 27, 2009 in which to file all of his challenges to his conviction or sentence. As mentioned previously, the petitioner filed his original § 2255 petition on March 30, 2009, so it was filed within this time period. However, his motion to amend his petition was not filed until May 29, 2012, and is untimely unless it relates back to one of the claims made in his original motion.

In <u>United States v. Pittman</u>, 209 F.3d 314 (4th Cir. 2000), the Fourth Circuit held:

> Rule 12 of the Rules Governing Section 2255 Proceedings states, "If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules . . . and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems most appropriate." The Rules Governing Section 2255 do not specify a procedure for amending petitions. Therefore, courts have typically applied Federal Rule of Civil Procedure 15 to the amendment of a § 2255 motion.



Id., 209 F.3d at 316-317. Pursuant to Fed. R. Civ. P. 15(a), a party must obtain leave of court to amend a pleading where the opposing party has served a responsive pleading. "Under Rule 15(a) leave to amend should be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." Pittman, 209 F.3d at 317. The petitioner's argument, set forth in his motion to amend, merely repeats the grounds set forth in the petition, and adds nothing new to his case. Therefore, the petitioner's motion to amend is denied.

## VII. Conclusion

Based on the foregoing, it is ordered that the government's motion for summary judgment (ECF No. 1309) is granted. The petitioner's motion pursuant to 28 U.S.C. § 2255 (ECF No. 1243) is dismissed with prejudice. The petitioner's motion for summary judgment (ECF No. 1320) and his motion to amend his petition (ECF No. 1633) are denied. The petitioner's motions to produce, for the appointment of counsel, and for a hearing on this matter (ECF Nos. 1290, 1321, 1324, 1434, and 1512) are denied.

It is further ordered that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[8]

---

[8] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2011). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the Court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."



**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

August 23, 2012
Charleston, South Carolina