IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

RECEIVED
USDC. CLERK, CHARLESTON, SC
2013 JUN 18 P 1:50

| | |
|---|---|
| United States of America ) | |
| ) | 4:03-cr-00474-CWH-8 |
| vs. ) | |
| ) | ORDER |
| Livinson Brumaire ) | |

## I. Background

The defendant, Livinson Brumaire ("the defendant"), was convicted after a trial of one count of conspiracy to possess with intent to distribute fifty grams of crack cocaine and five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2000). At sentencing, the Court found Brumaire was responsible for 90.68 kilograms of crack cocaine, and sentenced him to a term of 292 months in prison, to be followed by five years of supervised release. (ECF No. 727). On appeal, the conviction was affirmed, but the sentence was vacated and the case was remanded for re-sentencing in light of United States v. Booker, 543 U.S. 220 (2005). United States v. Brumaire, 155 F. App'x 674, 676 (4th Cir. 2005) (unpublished per curiam opinion).

At re-sentencing, the Court again imposed a 292 month sentence on the defendant. On appeal, the sentence was affirmed by the Fourth Circuit Court of Appeals. United States v. Brumaire, 251 F. App'x 840, 841 (4th Cir. 2007) (unpublished per curiam opinion). Thereafter, the defendant filed a pro se motion to acquire transcripts of the Court's re-sentencing hearing and related pleadings and a pro se motion seeking reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). (ECF Nos. 905 & 1232). The motion to acquire transcripts was held moot because

the Fourth Circuit had affirmed the sentence on appeal. United States v. Brumaire, No. 4:03-cr-00474-CWH-08 (D.S.C. June 8, 2009) (ECF No. 1306). The motion for a reduction of sentence was denied because the drug quantity originally adopted by the Court exceeded 4.5 kilograms of crack cocaine. Id. The defendant appealed and the Fourth Circuit Court of Appeals affirmed. United States v. Brumaire, 332 F. App'x 852, 853 (4th Cir. 2009) (unpublished per curiam opinion).

The defendant then filed a pro se motion for reconsideration. (ECF No. 1497). The defendant's motion was denied as the district court was without jurisdiction to reconsider the denial of his § 3582(c)(2) motion based on United States v. Goodwyn, 596 F.3d 233, 235-36 (4th Cir. 2010), which held that a criminal defendant must appeal the district court's denial of his § 3582(c)(2) motion instead of seeking reconsideration of the decision. United States v. Brumaire, No. 4:03-cr-00474-CWH-08 (D.S.C. July 29, 2011). The defendant appealed and the Fourth Circuit Court of Appeals affirmed. United States v. Brumaire, 459 F. App'x 212, at *1 (4th Cir. 2011) (unpublished per curiam opinion).

## II. The Pending Motion

The defendant's pending motion to obtain transcripts seeks copies of the following hearings: "Sentencing, Resentencing, and plea colloquy; and provide such to [Brumaire] without charge . . . ." (ECF No. 1410, at 2). It is well-settled that copies of transcripts and court documents may be provided to an indigent litigant at government expense upon a showing by the litigant of a particularized need for the documents. Morin v. United States, 522 F.2d 8, 9 (4th Cir. 1975) (per curiam). A demonstration of need is crucial; an indigent defendant is not entitled to copies of court documents or transcripts at government expense "merely to comb the record in



hope of discovering some flaw." United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963) (footnote omitted).

The defendant contends that he needs the documents to "properly incorporate the statements of the Court and the attorneys of the government, and defense counsel into [a] new action: an independent action or an audita querela writ." (ECF No. 1410, at 1). As a threshold matter, the Court notes it has already denied by written order the defendant's motion to acquire transcripts of his re-sentencing hearing since the Fourth Circuit Court of Appeals affirmed the re-sentencing. (ECF No. 1306). Therefore, the defendant may not obtain transcripts of the sentencing and re-sentencing hearings.

As to the defendant's claim that he requires these transcripts to file an "independent action," this statement is far too vague for the Court to conclude that a "particularized need" has been stated. The Court should not be required to guess as to what the defendant plans to file.[1] Although the defendant argues this statement demonstrates a "showing of a particularized need," a close reading of the motion shows none and the Court is not persuaded.

Moreover, the defendant's claim that the transcripts are required for "an audita querela writ" is without merit. A writ of audita querela[2] is available in criminal cases only "to the extent it fills in gaps in the current system of post-conviction relief." Johnson v. United States, No. 4:02-cr-0579-CWH-1, 2012 WL 3011785, at *2 (D.S.C. July 23, 2012) (quoting Massey v.

---

[1] If the defendant is seeking to file a § 2255 petition, then he needs to so state, although the Court offers no opinion as to whether the petition would be timely.

[2] A writ of audita querela "challenges a judgment that was correct at the time entered, but subsequently rendered infirm." Johnson v. United States, No. 4:02-cr-0579-CWH-1, 2012 WL 3011785, at *2 (D.S.C. July 23, 2012) (citation omitted).



United States, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam)). When a collateral challenge to a federal conviction or sentence through a motion pursuant to 28 U.S.C. § 2255 proves "inadequate or ineffective" in testing the legality of his detention, a defendant may file a petition under § 2241. Johnson, 2012 WL 3011785, at *2. While the ADEPA limits the rights of a prisoner to file a successive motion, "[a] prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs." Id. (quoting United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001) (per curiam)). It is clear from the procedural history that the defendant has availed himself of several avenues of redress, but he has not yet filed a § 2255 petition.³ The fact that he has been unsuccessful as to some petitions does not mean the writ of audita querela becomes available to him, nor will the Court grant a motion to obtain transcripts to prepare a new action pursuant to this writ.

### III. Conclusion

For the foregoing reasons, the defendant's motion (ECF No. 1410) is denied.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
**UNITED STATES DISTRICT JUDGE**

June 18, 2013
Charleston, South Carolina

---

³Although the defendant used a printed § 2255 form petition to set forth his motion for reconsideration, the motion clearly was one for reconsideration, not for § 2255 relief, and the Court construed it as such. This construction was affirmed on appeal. It is well settled that the caption of a defendant's pleading makes no difference and "[i]t is substance that controls." Watson v. Riviera, No. 9:11-2957-MBS-BM, 2011 WL 6965811, at *2 (D.S.C. Dec. 1, 2011) (quoting Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004)).

