IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Dannie Murphy, | ) | Criminal Action No.: 4:03-474-CWH-21 |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

## I. Introduction

Dannie Murphy (the "petitioner"), proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, based upon the holding in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (ECF No. 1609). The government filed a response, arguing that the motion was untimely and should be dismissed. For the reasons set forth below, the Court denies the petitioner's motion.[1]

## II. Procedural History

On April 23, 2003, the petitioner and 29 co-defendants were charged in a multi-count indictment that alleged a long-term drug conspiracy. Count One of the indictment charged the defendants with conspiracy to possess with intent to distribute and distribution of 50 grams or more of cocaine base and 5 kilograms or more of powder cocaine. On May 12, 2003, the United

---

[1] In deciding a § 2255 motion, the Court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); see 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).



States (the "respondent") filed an Information pursuant to 21 U.S.C. § 851 regarding the petitioner's April 18, 1995 conviction in Conway, South Carolina for possession of cocaine with intent to distribute, for which he had been sentenced to 7 years, suspended to five years probation. (ECF No. 180). On November 20, 2003, the petitioner pleaded guilty pursuant to a written plea agreement to Count One of the indictment. According to the Presentence Report ("PSR"), the petitioner's total offense level was 37, and his criminal history category was I, which resulted in a guideline range of imprisonment of 210 to 262 months. (PSR ¶¶ 30, 34, 52). However, because the government had filed a § 851 Information with respect to his prior drug-related felony conviction, the statutory minimum term of imprisonment was enhanced to 20 years (240 months) pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 851, increasing the guideline range to 240 to 262 months. (PSR ¶¶ 51-52).

On February 24, 2004, the Court sentenced the petitioner to 240 months in prison, to be followed by ten years of supervised release. The petitioner filed a direct appeal, and the Fourth Circuit Court of Appeals affirmed the petitioner's conviction and sentence. United States v. Murphy, 169 F. App'x 775 (4th Cir. 2006) (unpublished per curiam opinion). The petitioner did not file a petition for a writ of certiorari.

On March 29, 2007, the petitioner timely filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing that he had received ineffective assistance of counsel at trial and consequently had been sentenced in violation of the Constitution. On April 1, 2011, the Court

denied the petitioner's motion and denied a certificate of appealability. (ECF No. 1518). On January 24, 2012, the petitioner filed the instant § 2255 motion to correct his sentence.[2]

III. Standard of Review

A. The pro se petition

The petitioner is proceeding pro se in this case. A pro se petition is held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (noting that allegations in prisoner complaints are held to less stringent standards than those prepared by lawyers); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (noting that pro se documents are to be liberally construed). However, the requirement of liberal construction does not mean that the Court may ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in the federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

B. 28 U.S.C. § 2255

The petitioner is proceeding under 28 U.S.C. § 2255, which provides in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in

---

[2] The petitioner signed his petition on January 24, 2012 and presumably delivered it to prison officials that day, as it was filed in Florence by the Clerk of Court on January 25, 2012. See Houston v. Lack, 487 U.S. 266, 268 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

Page 3 of 7



violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

### C. The motion to dismiss

Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading set forth "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When reviewing a motion made under Federal Rule of Civil Procedure 12(b)(6), the court must "accept all well-pleaded allegations in the plaintiff's complaint as true and draw all reasonable factual inferences from those facts in the plaintiff's favor." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above a speculative level. Id. at 555. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555.

### IV. Discussion

The present petition, filed on January 24, 2012, is the petitioner's second § 2255 petition. Nonetheless, the government seeks dismissal of the petition solely on the grounds that it was not

timely filed.³ (ECF No. 1613). In reply, the petitioner contends that his petition should be allowed because Simmons, as well as Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), articulated a new rule of law, and because, "under Simmons [sic] Petitioner's time limitation does not expire until August 17, 2012." (ECF No. 1623 at 3). In the instant petition, the petitioner argues that pursuant to § 2255(f)(3),⁴ Simmons recognized a new right that is "retroactively applicable to cases on collateral review." (ECF No. 1609 at 5-6, 13). According to the petitioner, he "was never expose[d] to imprisonment exceeding one year for [a] prior [conviction]" and his prior conviction for possession of cocaine with intent to distribute had resulted in a sentence of seven years (suspended) and five years of probation (ECF No. 1609 at 5); therefore, the petitioner claims, Simmons renders that conviction unusable for purposes of enhancing his sentence. The petitioner seeks to "vacate the 20 to life plea, vacate the 851, [and to be] resentence[d] under [the] new 18:1 ratio for cocaine base." (ECF No. 1609 at 14).

Simmons affords no relief to the petitioner. The Court in Simmons applied the holding of Carachuri-Rosendo to address North Carolina's unique sentencing scheme, and held that for a prior North Carolina conviction to serve as a predicate felony offense, an individual must have been convicted of an offense for which that particular defendant could have been sentenced to a term exceeding one year. Simmons, 649 F.3d at 243-47. Simmons was decided on August 17, 2011, and the Fourth Circuit Court of Appeals subsequently has held that the rule set forth in

---

³ The government does not argue that the petition should be dismissed on the grounds that it is successive.

⁴ Section 2255(f)(3) holds that the one-year § 2255 statute of limitations begins to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ."



Carachuri-Rosendo, and by extension, Simmons, is not retroactive to cases on collateral review. See United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012) (holding that because Carachuri-Rosendo is not retroactive, a § 2255 petitioner cannot rely on that case or Simmons to restart the one-year limitations period under § 2255(f)(3)).

Although the petitioner contends his petition is timely under Simmons, "the relevant case to look at for purposes of the statute of limitations" is Carachuri-Rosendo, which was issued on June 14, 2010. Goode v. United States, C.A. No. 4:12-2326-TLW, Cr. No. 4:08-1253, 2013 WL 4017658, at *4 (D.S.C. Aug. 2, 2013). The defendant filed his § 2255 petition on January 24, 2012, about seven months after the June 12, 2011 statute of limitations expired, and therefore the petition is not timely.

In certain circumstances, "equitable tolling may . . . apply to excuse a . . . [party's] failure to comply with the strict requirements of a statute of limitations." Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). However, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The petitioner does not argue either factor, and the Court holds that equitable tolling is not applicable to this case.

Finally, although the government does not argue this point, this is the petitioner's second § 2255, as the Court dismissed the petitioner's first § 2255 petition on April 1, 2011. Federal prisoners cannot file a second or successive § 2255 motion in the district court without



authorization from the United States Court of Appeals.[5] See 28 U.S.C. § 2255(h); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). The petitioner did not seek the permission from the Court of Appeals for the Fourth Circuit before filing the instant petition. Absent pre-filing authorization, the Court lacks jurisdiction to consider the petitioner's petition.

V.   **Conclusion**

For all of the foregoing reasons, the Court dismisses the petitioner's petition (ECF No.1609) as untimely and successive. Because the petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[6]

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
**UNITED STATES DISTRICT JUDGE**

August 16, 2013
Charleston, South Carolina

---

[5] The standard for determining whether a petition is successive appears in Slack v. McDaniel, 529 U.S. 473, 485-89 (2000) (holding that to qualify as a "successive" petition, the prior petition must have been adjudicated on the merits).

[6] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2011). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citing Slack, 529 U.S. at 484)); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001) (citation omitted).

